**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30235 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-00003-SEH |
| v. | |
| ORRIN EUGENE HERNANDEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted May 15, 2012[**]

Before:     CANBY, GRABER, and M. SMITH, Circuit Judges.

Orrin Eugene Hernandez appeals from the 37-month sentence imposed

following his guilty-plea conviction for assault resulting in serious bodily injury, in

violation of 18 U.S.C. §§ 1153(a) and 113(a)(6).  We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291, and we affirm.

Hernandez contends that the district court erred in imposing a two-level vulnerable victim enhancement. The district court did not abuse its discretion in imposing the enhancement. *See* U.S.S.G. § 3A1.1(b); *United States v. Rising Sun*, 522 F.3d 989, 993 (9th Cir. 2008) (imposition of vulnerable victim enhancement is reviewed for abuse of discretion); *United States v. Weischedel*, 201 F.3d 1250, 1254-55 (9th Cir. 2000) (to determine vulnerability, the court examines "personal traits of the victims and the specific circumstances in which the victims found themselves when the crimes were committed, and ask[s] whether there were any characteristics or circumstances that made the victims particularly susceptible to the crime").

**AFFIRMED.**